JUDICIAL ETHICS ADVISORY PANEL
(Judicial Ethics Opinion 2001-5 has been superseded pursuant to the decision in Republican Party of Minnesota v.White, 536 U.S. 765, 122 S.Ct. 2528, 153 L.Ed.2d 694 (2002) and has been modified and reissued as Judicial Ethics Opinion 2007-3.)
 ¶ 1 QUESTION 1: If an attorney appearing before a judge was a worker or donor for the judge in a recent judicial campaign, what is the judge's ethical requirement as to recusal and disclosure?
¶ 2. SPECIFIC FACTS: The attorney appearing before the judge assisted the judge in a judicial campaign within a year prior to the appearance in Court; the work performed was relatively modest (put up yard signs) and made a modest donation of approximately $50.
 ¶ 3 WE ANSWER: As to recusal: No As to disclosure: No, with restrictions or qualifications
 ¶ 4 Canon 2: "A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities"
 ¶ 5 Canon 3E(1): "A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . ."
 ¶ 6 Our answer is based on the specific facts set out above. A judge should try to avoid recusal consistent with the judge's obligation to the Court system. On the other hand, the judge may have had moderate campaign assistance from many attorneys who regularly appear before the judge. The minimal assistance suggested in the specific facts would not cause a knowledgeable observer to suspect bias or undue influence. However circumstances may arise when the Judge is required to make disclosure to adverse counsel. Although campaign information concerning donations are readily available on the internet or directly from the Ethics Commission, an attorney should not be forced to seek out such information. The *Page 987 
duty to disclose, falls upon the judge and not the lawyer.
 ¶ 7 In Pierce v. Pierce, 2001 OK 97, 39 P.3d 791, Para 16, our Supreme Court wrote ". . . mere fact of a lawyer's contribution to a judge's campaign does not per se
require that judge's disqualification when the lawyer comes before him."
 ¶ 8 However, the Court held that, the campaign contribution coupled with other campaign activities was sufficient to disqualify the trial Judge. We conclude the contribution of a substantial sum of money by a lawyer to a judge's campaign, without more, although not grounds for disqualification, does not relieve the judge of the duty to disclose to adverse counsel the fact of the contribution and any other facts concerning contributing lawyer's activities in the judge's campaign.
 ¶ 9 An additional question submitted with the original question is whether it makes a difference if the donation is $5 or $5,000. Yes. It is impossible for this panel to arbitrarily fix a "bright-line" dollar figure which would distinguish ade minimus contribution from one that is "SUBSTANTIAL" requiring disclosure by the judge. A small contribution in the metropolitan areas could be considered "substantial" in other areas of the State. Conversely, a contribution may be considered large or "substantial" in one area of the State, but viewed asde minimus in other areas.
 ¶ 10 A $5000 contribution or a contribution in a "substantial" sum would require the judge to disclose to adverse counsel for a as hereinafter discussed, period of one (1) year from the beginning of the next term of office. A contribution considered to be a de minimus without more does not require disclosure. However a small contribution coupled with additional factors may also require disclosure for a period of one (1) year.
 ¶ 11 We conclude that each question regarding disqualification of a judge and the duty to disclose because of the campaign activities of a lawyer is dependant on the facts surrounding that particular case.
 ¶ 12 For guidance, we refer to reported cases from Florida, Massachusetts, Mississippi, and Illinois, cited by the Supreme Court in Pierce, supra.
 ¶ 13 Any party aggrieved by a trial court ruling on a disqualification issue is directed to District Court Rules, Rule 15, 12 O.S.2001, Ch. 2, App.1, Rule 15.
 ¶ 14 Pierce teaches that the judge should disclose on the record any information which the judge believes the parties or their attorneys might consider relevant to the question of disqualification.
/s/Robert L. Bailey, Chairman
/s/Robert D. Simms, Vice Chairman
/s/Milton C. Craig, Secretary
 *Page 298